**United States District Court**

For the Northern District of California

1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                            NORTHERN DISTRICT OF CALIFORNIA

10

11    MICHELLE WILKERSON,                           No. C 12-3213 DMR

12                 Plaintiff(s),              **ORDER DISMISSING CASE**

13           v.

14    SOCIAL SECURITY ADMINISTRATION,

15                 Defendant(s).
                                            /
16

17          Defendant U.S. Social Security Administration ("SSA") moves pursuant to Federal Rule of

18    Civil Procedure 12(b) to dismiss Plaintiff Michelle Wilkerson's complaint for lack of subject matter

19    jurisdiction or, in the alternative, failure to state a claim.  (*See generally* Fed. Def.'s Mot. Dismiss.)

20    Defendants Contra Costa County and the City of Richmond join in SSA's motion.  [Docket Nos. 8,

21    11.]  Pursuant to Local Civil Rule 7-3, Plaintiff should have filed her opposition or statement of non-

22    opposition by July 12, 2012.  She has made no such filing.  For the reasons given below, the court

23    grants SSA's motion and dismisses this case.

24                                    **I. Procedural History**

25

26

27

28

**United States District Court**
For the Northern District of California

On May 21, 2012, Plaintiff, proceeding *pro se*, filed suit in small claims court in the County

of Contra Costa Superior Court, naming Social Security[1] [sic], Contra Costa County, and the City of

Richmond as defendants.  (Notice of Removal Ex. 1 at 1-2.)  In her complaint she alleges that

Defendants owe her $10,000 due to the following:

> Because of nonsense with my body and House area surroundings/neighborhood
> smaller, unit that get [sic] smaller . . . pain everyday.  Stuff that can't be treated with
> pills and machines.  Fake medical practice[;] ex: buying clothes and they look
> different when you get it Home or smaller size[,] Ex: Sleeping and it feels like I'm
> having sex and I wake up in pain like I'm on my period[,] Ex: Back hurting like I
> Been In a car accident I catch the Bus I was sleep.

(Notice of Removal Ex. 1 at 2.)  SSA removed the action to this Court on June 21, 2012.  (Notice of

Removal.)

SSA now moves the court to dismiss Plaintiff's complaint on the following grounds:

> Plaintiff's complaint: (1) does not explain the grounds upon which the court's
> jurisdiction depends; (2) does not show that the pleader is entitled to relief; (3) fails to
> demonstrate that this Court has any jurisdiction because: (a) Plaintiff's purported
> "claim" does not appear to "arise under" any federal law or the United States
> Constitution, (b) there does not appear to be a case or controversy, (c) the case is not
> one described by any jurisdictional statute, (d) Plaintiff does not demonstrate that she
> has exhausted administrative remedies; (4) Plaintiff has failed to state a claim upon
> which relief may be granted; and (5) Plaintiff's Complaint is delusional and frivolous.

(Fed. Def.'s Mot. Dismiss 2.)  The parties have consented to this court's jurisdiction pursuant to 28

U.S.C. § 636(c), [Docket Nos. 7, 9-10, 12], and the court may enter judgment in the case.  *See* 28

U.S.C. § 636(c)(1); Fed. R. Civ. P. 72(b); N.D. Cal. Civ. L.R. 72-1.

**II. Legal Standard**

Federal courts are courts of limited jurisdiction and are "presumed to lack jurisdiction in a

particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of*

*the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citations omitted).  A court will

dismiss a party's claim for lack of subject-matter jurisdiction "only when the claim is so

insubstantial, implausible, foreclosed by prior decisions of th[e Supreme] Court, or otherwise

completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a*

---

[1] The SSA interpreted "Social Security" as an indication that Plaintiff sought to bring suit against
the agency or, if the claim arose from the Federal Tort Claims Act, the United States. (Fed. Def.'s Mot.
Dismiss 1 n.1.)

<div style="float:left">United States District Court

For the Northern District of California</div>

1    *Better Env't*, 523 U.S. 83, 89 (1998) (citation and quotation marks omitted); *see* Fed. R. Civ. P.

2    12(b)(1).

3                          **III. Discussion and Conclusion**

4            Plaintiff's claims are incomprehensible and devoid of merit.  Even under the most liberal

5    construction, the complaint fails to present any cognizable case or controversy over which the Court

6    could have subject matter jurisdiction to adjudicate.  The court therefore dismisses the complaint

7    without leave to amend.[2]  *See Adams v. Vidiera*, No. 00-4586 CRB, 2001 WL 277966, at *5 (N.D.

8    Cal. Mar. 16, 2001) (not reported in F. Supp. 2d) (dismissing *pro se* plaintiff's complaint with

9    prejudice because it did "not state[] a coherent claim against any of the defendants"); *Stoddard*

10   *Estate v. Pinkerton Sec. Serv.*, No. 97-2653 VRW, 1997 WL 732549, at *2-3 (N.D. Cal. Nov. 12,

11   1997) (not reported in F. Supp.) (dismissing *pro se* plaintiff's case with prejudice because of its

12   "delusional and incoherent pleading").[3]

13

14

15           IT IS SO ORDERED.

16

17   Dated:  August 6, 2012

18

19

20

21

22

23

24

25

26



27   [2] The court advises Plaintiff that if by chance she wishes to appeal an adverse Social Security
     Administration decision, she must appeal that decision to the agency.

28   [3] Plaintiff's administrative motion to reinstate the hearing date for this motion is denied as moot.

_____
DONNA M. RYU
United States Magistrate Judge